UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA L. MCKNIGHT,

    Plaintiff,

v.                                                                          Case No:   2:14-cv-185-FtM-38DNF

CHRISTIAN REYNOLDS, ERIC GUTHRIDGE, ARTURO GONZALES, WOLFGANG DANIEL, MICHELLE RAND, BRADLEY ADES, WILLIAM MUSANTE, RICHARD CARR, DOUG E. BAKER and CITY OF FORT MYERS,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #27) filed on July 14, 2014.  Plaintiff failed to file a response in opposition, and the time to do so has now expired.  Thus, the matter is ripe for review.

## Background

On March 28, 2014, Plaintiff filed this action against nine Fort Myers Police Department officers and the City of Fort Myers, alleging various civil rights violations. (*See* Doc. # 1).  In total, Plaintiff's Complaint contains ten counts, including 1) "Malicious Misuse of Legal Procedural or Abuse of Process," 2) "Malicious Prosecution," 3) "Unreasonable Force," 4) "Unlawful Arrest," 5) "Refusing or Neglecting to Prevent," 6) "Unreasonable Search and Seizure," 7) "Conspiracy," 8) "Intentionally [sic] Infliction of Emotional Distress," 9) "Failure to Train, Supervise, or Discipline," and 10) "Pattern or

Practices of Misconduct." *Id.* All ten counts stem from three separate incidents involving Plaintiff and one or more of the Defendants.

The first count, alleging "Malicious Misuse of Legal Procedural or Abuse of Process," relates to an incident that occurred on May 21, 2009. (Doc. #1 at 8-15). During that incident, Defendant Reynolds arrested Plaintiff and charged him with use of a firearm under the influence of alcohol and marijuana possession. *Id.* The second, third, fourth, and fifth counts, alleging "Malicious Prosecution," "Unreasonable Force," "Unlawful Arrest," and "Refusing or Neglecting to Prevent," respectively, relate to a second incident that occurred on June 20, 2009. (Doc. #1 at 15-16). During this second incident, Defendants Gonzales and Daniel arrested Plaintiff and charged him with the sale and possession of cocaine. *Id.* The sixth count, alleging "Unreasonable Search and Seizure," relates to a third incident that occurred on July 3, 2009. (Doc. #1 at 16-18). During this third incident, Defendants Daniel and Ades once again arrested Plaintiff and charged him with unlawfully carrying a concealed firearm. *Id*. The remaining four counts, alleging "Conspiracy," "Intentionally [sic] Infliction of Emotional Distress," "Failure to Train, Supervise, or Discipline," and "Pattern or Practices of Misconduct," respectively, relate to all three of the incidents cumulatively.

Plaintiff avers that Defendants' conduct during these three incidents violated his First, Fourth, and Fourteenth Amendment rights. (Doc. #1 at 2). As a result, Plaintiff now seeks relief in the form of 1) a declaratory judgment "in regards to continued violation of constitution [sic] rights"; 2) injunctive relief to prevent the alleged constitutional violations from occurring again; 3) administrative relief to expunge his record of the criminal charges

associated with the three incidents; and 4) punitive damages against Defendants for consequences of these alleged constitutional violations. ([Doc. #1 at 37](#)).

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *[La Grasta v. First Union Sec., Inc.,](#)* [358 F.3d 840, 845 (11th Cir.2004)](#). The Court must accept all factual allegations in Plaintiff's amended complaint as true and take them in the light most favorable to the plaintiff. *[Pielage v. McConnell,](#)* [516 F.3d 1282, 1284 (11th Cir.2008)](#). Conclusory allegations, however, are not entitled to a presumption of truth. *[Ashcroft v. Iqbal,](#)* [556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)](#) (discussing a Rule 12(b)(6) dismissal); *[Marsh v. Butler County, Ala.,](#)* [268 F.3d 1014, 1036 n. 16 (11th Cir.2001)](#).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *[Randall v. Scott,](#)* [610 F.3d 701, 708, n. 2 (11th Cir.2010)](#). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *[Iqbal,](#)* [556 U.S. at 678](#). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *[Bell Atlantic Corp. v. Twombly,](#)* [550 U.S. 544 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)](#); *[Marsh,](#)* [268 F.3d at 1036 n. 16](#). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *[Iqbal,](#)* [556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868](#). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *[Id.](#)* (internal modifications omitted). Further, courts are not "bound

to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Because Plaintiff is proceeding *pro se*, the Court construes his complaint more liberally than had it been drafted by an attorney. See *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990).

## Analysis

Defendant moves the Court for an order dismissing this action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for an order requiring Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). (Doc. #27 at 1). Specifically, Defendant first asserts that this action should be dismissed because the applicable statute of limitations for each count has run, and Plaintiff is now barred from bringing the claims. (Doc. #27 at 5-6). Second, Defendant contends that this action should be dismissed because Plaintiff's Complaint is void of the factual allegations necessary to establish a cause of action for each count. (Doc. #27 at 6-8). In the alternative to dismissal, Defendant seeks a more definite statement on the basis that Plaintiff's Complaint is too "vague, ambiguous, and has put Defendants in the position of guessing what federal or state law violations may be alleged." (Doc. #27 at 9). Plaintiff failed to respond to Defendants' Motion. The Court will address each argument in turn.

### A. *Statute of Limitations*

Defendants first seek dismissal of this action on the basis that the applicable statute of limitations for each count has run. (Doc. #27 at 5-6). That is, Defendants contend that the applicable statute of limitations for each count is four years and that all three incidents forming the basis for each count occurred beyond this four year period.

*Id*. Therefore, Defendants assert that Plaintiff is barred from bringing this action. *Id*. As noted above, Plaintiff did not respond to Defendants' Motion.

The Eleventh Circuit has held that dismissing an action pursuant to Fed. R. Civ. P. 12(b)(6) on statute of limitations grounds is permissible only if the Court can determine from the face of the complaint that the action is time-barred. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246 (11th Cir. 2003) ("[I]t is proper to grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint. . . ."). Although 42 U.S.C. § 1983 claims do not maintain their own statute of limitations, it is well-established that these claims adopt the forum state's residual personal injury statute of limitations. *See Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1482 (11th Cir. 1988) ("Section 1983 [claims] are in essence claims for personal injury, [and] the state statute applicable to personal injury should be borrowed."). As such, "Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). But it should be noted that the statute of limitations clock does not start to run until the plaintiffs know or should know "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Id.*

Here, the Court finds that each count is time-barred by the applicable four-year statute of limitations. As noted above, the first count, alleging "malicious misuse of legal procedural or abuse of process," stems from the first incident that occurred on May 21, 2009. (*See* Doc. #1 at 19-20). In his Complaint, Plaintiff avers that "Defendant Reynolds knew or should have known that the charge was groundless and he sought to use the process for an ulterior purpose . . . ." (Doc. #1 at 19). Based on this language, it appears

that Plaintiff knew on the date of the first incident, May 21, 2009, that he suffered the alleged injury that forms the basis of the first count. However, instead of filing an action within four years, or by May 21, 2013, Plaintiff waited until March 28, 2014, over four years and ten months, to file the instant action. Therefore, because Plaintiff waited over ten months after the applicable statute of limitations expired to bring this action, the first count is time-barred and must be dismissed.

The second, third, fourth, and fifth counts all stem from the second incident that occurred on June 20, 2009. The second count of Plaintiff's Complaint alleges malicious prosecution. ([Doc. #1 at 20](Doc. #1 at 20)). In his Complaint, Plaintiff proclaims that Defendant Guthride "initiated a frivolous litigation against [Plaintiff] that significantly lacked the merit to substantiate." ([Doc. #1 at 23](Doc. #1 at 23)). In sum, Plaintiff attests that Defendant Guthride lied in the probable cause affidavit that led to Plaintiff's second arrest on June 20, 2009. (*See* [Doc. #1 at 21-25](Doc. #1 at 21-25)). If Plaintiff's assertion is taken as true for the purposes of this Motion, it appears that Plaintiff knew or should have known about the injury, i.e., the unlawful arrest that constitutes the basis of his second count on or around June 20, 2009. However, instead of pursuing a claim within four years of June 20, 2009, or by June 20, 2013, Plaintiff waited until March 28, 2014, an additional nine months and eight days after the applicable statute of limitations expired, to file a claim. As such, the second claim is time-barred and must be dismissed.

With regard to the third count alleging unreasonable force, Plaintiff asserts in his Complaint that Defendants Gonzales and Daniel unlawfully restrained his "freedom and movement by arresting and handcuffing his hands behind his back . . . ." ([Doc. #1 at 25](Doc. #1 at 25)). Based on this assertion, it appears that Plaintiff knew that he suffered the injury that forms

the basis of the third count on the day of his second arrest, June 20, 2009. Therefore, because Plaintiff failed to file the instant action until March 28, 2014, over nine months after the applicable statute of limitations expired, the third count is time-barred and must be dismissed.

Similarly, the fourth count, alleging unlawful arrest and false imprisonment, also stems from Plaintiff's June 20, 2009, arrest. (*See* Doc. #1 at 26-28). In his Complaint, Plaintiff avers that Defendants Gonzales and Daniel "arrested [Plaintiff] lacking probable cause and did not have an authorized warrant signed by a judge to give them granted orders to seize [Plaintiff] in their custody in which therefore was unlawful." (Doc. #1 at 27). Once again, through this assertion, Plaintiff demonstrates that he knew that he suffered the injury that forms the basis of the fourth count on the day of his second arrest, June 20, 2009. Therefore, because Plaintiff failed to file the instant action until March 28, 2014, over nine months after the applicable statute of limitations expired, the fourth count is time-barred and must be dismissed.

With regard to the fifth count, alleging "refusing or neglecting to prevent," Plaintiff asserts while Defendant Rand was present on the scene during his June 20, 2009, arrest, Defendant Rand "neglect[ed] to prevent illegitimate wrongful acts when a sensible person within her rank and powers would have acted with reasonable diligence and prevented such wrongful acts." (Doc. #1 at 29). Consequently, Plaintiff was once again aware that he suffered the injury that forms the basis of the fifth count on the day of his second arrest, June 20, 2009. As such, by waiting to file this action until nine months after the statute of limitations expired, the fifth count is also time-barred and must be dismissed.

As noted above, the sixth count, alleging unreasonable search and seizure, stems from the third incident that occurred on July 3, 2009.  (*See* Doc. #1 at 30).  In his Complaint, Plaintiff contends that Defendants Daniel and Ades, "without probable cause or reasonable suspicion, exercised their authority as police officers to trespass, search, arrest[,] and seizure [sic] of [Plaintiff's] property while he was a lawful invited guest at a friend's place of residence[]." (Doc. #1 at 30).  Based on this assertion, it appears Plaintiff was aware of his injury that constitutes the basis for the sixth count on the date of his third arrest, July 3, 2009.  Accordingly, in order to meet the applicable four-year statute of limitations, Plaintiff was required to file his claim by July 3, 2013.  But Plaintiff did not meet this deadline, and instead waited four years and eight months.  Accordingly, the sixth count is time-barred and must be dismissed.

The remaining four counts relate to all three arrests and incidents cumulatively. With regard to the seventh count, alleging conspiracy, Plaintiff asserts in his Complaint that Defendants Reynolds, Guthride, Gonzales, Daniel, and Ades "acted and conspired to maliciously prosecute [Plaintiff]." (Doc. #1 at 31).  Because there are only three arrests and incidents that constitute the basis for all the counts in this action, it appears that Plaintiff knew or should have known, at the latest, by on or around the date of the third arrest, July 3, 2009, that he suffered the injury that forms the basis for the conspiracy to maliciously prosecute count.   Instead of filing this action on or near July, 3, 2013, the date when the applicable statute of limitations expired, Plaintiff waited an additional eight months and twenty five days.  Consequently, the seventh count is time-barred and must be dismissed.

The eighth count of Plaintiff's Complaint alleges "intentionally [sic] infliction of emotion distress." (Doc. #1 at 32).  In his Complaint, Plaintiff avers that Defendants Reynolds, Guthride, Gonzales, Daniel, and Ades "intentionally and deliberately inflicted emotion distress on [Plaintiff]."  *Id*.  In support of this count, Plaintiff references Defendants' alleged malicious prosecution, "abuse of the lawful process," false arrest and imprisonment of Plaintiff, conspiracy against Plaintiff, and interference with Plaintiff's rights.  *Id*.  As exhibited in the analysis above, each of these supporting references stems from one of the three arrests that constitute the basis for this action.  Therefore, similar to the seventh count, Plaintiff knew or should have known that he suffered the injury that forms the basis for the eighth count on or around the date of his third arrest, July 3, 2009.  But once again, Plaintiff did not pursue this eighth count for intentional infliction of emotional distress until eight months after the applicable statute of limitations period expired.  Therefore, the eighth count is time-barred and must be dismissed.

The ninth count of Plaintiff's Complaint alleges failure to train, supervise, or discipline.  (Doc. #1 at 33).  In his Complaint, Plaintiff asserts that Defendants Baker, Carr, and Musante "owed a duty to supervise or train the officers and to take steps to prevent events such as occurred herein relating to the nature of the pattern of conduct in regards to continued acts of malicious arrest and prosecution and swearing to charges, that without probable cause or insufficient evidence, and the violation of civil rights and [f]ederal and [s]tate laws."  (Doc. #1 at 34).  It is apparent that the "pattern of conduct" that Plaintiff refers to is the acts of the Defendant officers during the three arrests and incidents.  As such, Plaintiff knew or should have known about the injury that constitutes the basis for the ninth count on or around the date of the third and final arrest, July 3,

2009. Instead of pursuing his claim for failure to train, supervise, and discipline on or around July 3, 2013, the day when the four-year statute of limitations expired, Plaintiff waited nearly four years and nine months, or until March 28, 2014. Consequently, the ninth count is time-barred and must be dismissed.

The tenth and final count of Plaintiff's Complaint alleges a pattern or practice of misconduct. (Doc. #1 at 35). In his Complaint, Plaintiff asserts that Defendant City of Fort Myers "has exhibited a pattern of continued practices of [c]onstitutional and [f]ederal law violations . . . ." (Doc. #1 at 36). Similar to the ninth count, because Plaintiff does not allege any action after his third arrest and incident, it appears Plaintiff's reference to a "pattern of continued practices" for the tenth count stems from his three arrests and incidents exclusively. As a result, Plaintiff once again knew or should have known of his injuries that constitute the basis of his tenth count on or around the date of his third and final arrest, July 3, 2009. But as noted extensively above, instead of pursuing an action within four years of July 3, 2009, Plaintiff waited nearly four years and nine months to pursue his claim. Thus, the tenth count is time-barred and must be dismissed.

Because the Court finds that all of Plaintiff's counts in his Complaint are time-barred by the applicable four-year statute of limitations, the Court also finds the remainder of Defendants' Motion, seeking an analysis of the sufficiency of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and a more definite statement, moot.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #27) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of August, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record